MERRILL v. DUNN.

No. 3914.

Court of Civil Appeals of Texas. El Paso.

April 25, 1940.

Rehearing Denied May 16, 1940.

H. G. Ferguson and A. G. Haigh, both of Edinburg, for appellant.

A. H. Moore, of La Feria, and H. L. Faulk, of Brownsville, for appellee.

WALTHALL, Justice.

This appeal is prosecuted from a judgment of the District Court of Hidalgo County, Texas, in a trial of the right of property case.

The case is presented here on an agreed statement of facts.

The statement, abbreviated, is to the following effect:

On November 15, 1937, plaintiff, J. H. Merrill, filed an original petition in the District Court of Hidalgo County, Texas; the petition was docketed as No. A–3768, and styled "J. H. Merrill v. Texene Packing Corporation and Curtis Dunn, Inc."

On the above date, plaintiff filed his affidavit for attachment and bond; the writ of attachment was issued and placed in the hands of a constable, who executed the writ by levying upon a car of canned popcorn.

It was agreed of record that the value of the property attached was $1,125.

On November 17, 1937, J. C. Dunn, personally, made claim to the corn, and on that date he delivered to the constable his claimant's oath and bond; claimant's oath and bond were, on November 29, 1937, delivered by the constable, together with the writ of attachment and the constable's return thereon, to the clerk of the District Court. The clerk filed all of the above papers in the original cause No. A–3768.

On October 12th (the year not stated, but supposedly 1938), the claimant, J. C. Dunn, filed a motion to non-suit the plaintiff on the ground that the plaintiff had failed to enter his appearance at the second term of the court following the filing of the claimant's bond and oath.

On November 15, 1938, the plaintiff filed his motion for judgment against the claimant and his bondsmen, claiming abandonment by the claimant.

The above two motions of October 12th and November 15th (1938) were the first pleadings filed by the parties in this suit.

The two motions were heard on November 22, 1938, before the court without a jury, at which hearing the claimant's attorney appeared for the claimant and his bondsmen; plaintiff's attorney appeared for plaintiff. At the hearing the following proceedings were had. We copy from the agreed statement.

"Mr. Faulk offered the file mark of plaintiff's original petition showing that said petition was filed in this court on the 15th day of November, 1937; then offered the writ of attachment issued out of this court on the 15th day of November, 1937, with the officer's return showing levy on one car lot of pop corn; and offered claimant's oath of J. C. Dunn, dated November 17, 1937, and filed on November 29, 1937, by the Clerk of this Court in the main suit No. A–3768, and refiled May 4, 1938, as No. A–3939. He next offered in evidence claimant's bond and the file mark thereon showing that bond was filed by the Clerk on November 29, 1937, under A–3768 and was refiled on May 4, 1938, as No. A–3939. Defendants also offered in evidence the file mark on his motion for non-suit filed October 12, 1938.

"K. C. Boysen, Clerk of the District Court, was called as a witness and testified in substance that on the 29th of November, 1937, the claimant's bond and oath and the writ of attachment and the officer's return were brought to his office by the constable and by him filed among the papers of the main suit No. A–3768; that on May 4, 1938, he docketed the case of trial of the right of property for the first time as a separate suit with the file number of A–3939. On October 12, 1938, the claimant's motion to nonsuit the plaintiff was filed and on October 24, 1938, the case was continued at request of the claimant without prejudice. On November 15, 1938, the plaintiff's motion for judgment was filed.

"The Clerk further testified that there were regular terms of the 92nd District Court opened on the first Monday in November, 1937, January, 1938, March, 1938, and May, 1938, and a special term on the first Monday in July, 1938, and regular terms the first Mondays in September and November, 1938. The claimant then rested upon his motion.

"Then came on the plaintiff, represented by Mr. Ferguson, and submitted his motion for judgment against the defendants, and offered all of the evidence offered by the claimant, J. C. Dunn. Plaintiff further offered evidence that the defendant, J. C. Dunn, had made no further appearances than noted in this matter; that in the argument before the Court upon his motion, the Honorable H. L. Faulk, representing said claimant, J. C. Dunn, did then and there state to the Court that he was of the opinion that two full terms of this court had passed since the case had been docketed, and that the claimant, J. C. Dunn, would not be in this court with his motion to non-suit had it not been that was his understanding.

"The plaintiff then rested upon his motion for judgment.

"At the conclusion of the evidence on these two motions the Court overruled both motions, stating as its ground that the bond and oath of the claimant were not correctly filed and separately docketed until after the beginning of the May Term, 1938, of this court, and that at the time of the hearing two terms had not expired since the bond and oath of claimant were separately filed and docketed, for which reason each of said motions, respectively, was overruled.

"The Court then entered on his docket the following notation:

" '11–22–38

" 'Claimant's motion for non-suit of plaintiff Merrill heard and evidence introduced thereon, and same overruled. Claimant excepted.'

" '11–22–38

" 'Motion of Merrill for judgment and evidence thereon heard and motion overruled. Merrill excepted.'

"Thereafter the court entered an order directing the parties to tender their issues and thereupon, without waiving his exception, but insisting that the initiative to submit issues was to and with the claimant, the plaintiff tendered issues, and the claimant and the bondsmen, their answers. ·

"The cause then went to trial on the 12th day of December, 1938, before a jury duly impaneled and continued for three days, and upon answers to special issues submitted, the court gave judgment (shown in transcript) 'That plaintiff, J. H. Merrill, take nothing by this suit.' "

Plaintiff filed his amended motion for a new trial assigning as error, among other things, the court's judgment overruling plaintiff's motion for judgment.

On March 11, 1939, the court overruled plaintiff's motion for a new trial, from which plaintiff prosecutes this appeal.

### Opinion.

Appellant Merrill filed four assignments of error, under which, and as germane thereto, he submits propositions. They all assert error in overruling plaintiff's motion for judgment, first, because the claimant had abandoned his claim to the attached property; second, because the facts show that claimant was guilty of unexplained laches, and had led appellant to presume that the claimant had abandoned his claim, thus making applicable equitable estoppel; third, because, in filing his motion to non-suit appellant, claimant did not reserve the right to further plead and assert his claimed ownership to the property, and thereby waived the right to further prosecute his claim to the property; fourth, error in overruling appellant's amended motion to set aside the judgment and for judgment non obstante veredicto.

Appellant's propositions are largely propositions of law and embrace many of the facts included in the agreed statement of facts.

We think only one question is presented, namely, Was the court in error, in view of the undisputed facts, in overruling appellant's motion for judgment?

When the constable made his return of the claimant's affidavit and bond and appellant's attachment and bond, the clerk of the District Court filed all of the papers in the original suit, and did not at that time separately docket the case as directed by Article 7410, R.C.S., but on May 4, 1938, docketed the case as a separate suit with its own file number.

It appears then from the record that claimant's affidavit and bond were made on November 15, 1937, and filed by the clerk on November 29, 1937, in the main suit, and refiled under its new number on May 4, 1938; that between the dates of the filing

of claimant's oath and bond with the clerk and claimant's motion to non-suit plaintiff, filed on October 24, 1938, there were regular terms of the 92nd District Court in Hidalgo County on the following dates: On the first Monday in November, 1937, January, 1938, March 1938, May, 1938, a special term on the first Monday in July, 1938, and regular terms the first Monday in September and November, 1938. The evidence shows that at the time of the hearing of the motion two terms had not expired since claimant's oath and bond were separately filed and docketed, and it seems, for that reason, appellant's motion for judgment was overruled.

■ It is needless to remark that the "trial of the right of property," is strictly a statutory proceeding, instituted to try the validity of a third person's claim to personal property which has been seized, as here, under process of law.

Article 7411, of the statute, provides that at the first term of the court after the claimant's affidavit and bond shall be returned, if both parties appear the court shall direct that a written issue between the parties be made up as in other cases.

Article 7413, of the statute, provides if the plaintiff appears and the defendant (claimant) fails to appear or neglects or refuses to join issues, the plaintiff shall have judgment by default.

Article 7414, Vernon's Ann.Civ.St. art. 7414, provides that if the plaintiff does not appear at the first term, the case shall be continued to the next term, when, if he appears, the like proceedings may be had as at the first term; but if he does not then appear on or before the appearance day of said term, he shall be non-suited.

Other than the above, the statute makes no provision for judgment by default, or judgment by non-suit, or any judgment other than on the trial on the merits.

Article 7415 of the statute provides that: "The proceedings and practice on the trial shall be as nearly as may be the same as in other cases before such court or justice."

■■ We have not found in the record or in the agreed statement of facts that plaintiff (appellant) appeared or was present at any time before the court in the matter of this suit at the first term or at the second term of the court. We think it necessary that the facts show the appearance of the plaintiff at the second term of

the court, for the reason, first, the statute requires that plaintiff appear, and, second, it is at that term, and on or before the appearance day of that term, the trial court directs the written issues be made up between the parties and tried as in other cases.

Likewise, the record does not disclose whether the defendant (claimant) failed to appear.

In Field & Co. v. T. F. Fowler, 62 Tex. 65, 68, it is said: "How this appearance is to be effected is not prescribed, but when the parties come into court, as in this case, and have an entry made upon the minutes that they have appeared, it is sufficient to prevent the consequences of a failure to appear on either side. The appearance may be either in person or by attorney, and its effect continues until it is withdrawn or set aside, or the defendant fails to join issue when one is directed by the court."

It seems to us that in order to justify the court in rendering a judgment by default for plaintiff, it should be made to appear that plaintiff did appear, and that defendant failed to appear or neglected or refused to join issue when directed.

■■ Appellant's principal ground for judgment is that appellee, both in law and in fact, abandoned his claim to the attached property. In passing upon one of plaintiff's exceptions the court said that the appellee had not abandoned his claim. A case should not be dismissed on the ground of abandonment, unless such abandonment clearly appears. Loftus v. Beckman, Tex. Com.App., 1 S.W.2d 268, 270; American Indemnity Co. v. McCann, Tex.Com.App., 45 S.W.2d 174. When appellant's motion for judgment was filed the court had not at that time directed the issues be made up, and overruled the motion. In the case of Continental Oil & Production Co. v. Austin, Tex.Civ.App., 17 S.W.2d 1114, the court held that the trial court may not enter judgment by default prior to directing tender of issues.

■ The record does not disclose that appellant pleaded laches or equitable estoppel.

We have considered other assignments not discussed, and they are overruled.

We find some irregularity in some of the proceedings, but no reversible error.

The case is affirmed