**Henry WYNN et al., Appellants,**

v.

**R. J. RAUSAW, Appellee.**

**No. 4443.**

Court of Civil Appeals of Texas.

Waco.

March 24, 1966.

Mandell & Wright, John N. Barnhart, Houston, for appellants.

Spiner, Pritchard & Thompson, Clark G. Thompson, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal by defendants Wynn, et al, from a judgment for plaintiff Rausaw in an attachment suit.

Plaintiff Rausaw secured a judgment against Howard Lewis for $6000; (and on October 11, 1961 caused writ of attachment to issue and be levied by the sheriff of Harris County on $5860 in cash, as the money of Lewis.) The money was seized from the Houston Ticket Service, at the box office of the Houston City Auditorium where it represented proceeds of a show. Defendants Wynn and Supersonic Attractions, Inc., made affidavit pursuant to Rule 717 Texas Rules of Civil Procedure that the money belonged to them; posted claimant's bond pursuant to Rules 718 and 719 T.R.C.P. on October 30, 1961, and secured delivery of the money to them. The sheriff returned the papers to the District Clerk, who docketed the cause on October

31, 1961. On July 9, 1962, plaintiff filed controverting plea to the claim of defendants, and asserted the $5860 attached by the sheriff was not the property of defendants, but was owned by Howard Lewis. Defendants moved for judgment on July 12, 1962 on the ground that plaintiff had neglected to join issue before the second term of court following filing of defendants' claimants' bond, which motion was overruled by the trial court. Defendants, on June 14, 1963, filed motion to non-suit plaintiff, contending the plaintiff's controverting plea to defendants' claim was not filed (as required by Rule 727 T.R.C.P.) before the second term after defendants filed claimants' bond. This motion was overruled by the trial court.

Trial on the merits before the court without a jury resulted in judgment for plaintiff for the $5860 (with interest from October 11, 1961). The trial court filed findings and conclusions as follows:

### FINDINGS OF FACT

1) On October 11, 1961 there was $5860 in the Box Office of the Houston City Auditorium.

2) Such $5860 was owned by Howard Lewis.

3) Howard Lewis was indebted to plaintiff Rausaw in the sum of $6000.

### CONCLUSIONS OF LAW

1) Judgment of Rausaw against Lewis for $6000 is final.

2) All steps were taken in compliance with law to attach the moneys in the Houston City Auditorium Box Office.

3) Defendants having replevied such $5860 in cash, should have judgment rendered against them and their sureties for $5860.

4) Plaintiff should have interest from October 12, 1961 against defendants.

Defendants appeal on 17 points, principally contending:

1) The trial court erred in refusing judgment for defendants when plaintiff did not join issue on or before appearance day of the 2nd term after the cause had been docketed.

2) There is no evidence, or insufficient evidence, that Howard Lewis owned the $5860 of attached currency.

3) The trial court erred in excluding from evidence the producer-promoter contract.

■ Defendants' 1st contention urges that Rule 728 T.R.C.P. required the trial court to non-suit plaintiff when plaintiff did not join issue on or before the appearance date of the second term after the cause had been docketed. Appearance date of the second term was July 2, 1962; and plaintiff's controverting plea was filed on July 9, 1962.

Rule 728 T.R.C.P. provides: "If the plaintiff does not appear at the first term, the case shall be continued to the next term, when, if he appears, the like proceedings may be had as at the first term; but if he does not then appear, on or before the appearance day of said term, he shall be non-suited."

Defendants' motion for judgment; and later motion for non-suit were not filed until after plaintiff had filed his controverting plea joining issue. We think the trial court properly overruled such motions. See: Merrill v. Dunn, Tex.Civ.App., Er. Dis., 140 S.W.2d 320; Loftus v. Beckmann, Tex.Com.App., 1 S.W.2d 268; American Ind. Co. v. McCann, Tex.Com.App., 45 S.W.2d 174.

Defendants' 2nd contention is that there is no evidence, or insufficient evidence, to support the finding that Howard Lewis owned the $5860.

Defendant Supersonic Attractions, Inc. is in the business of contracting with enter-

tainers and then staging their performance in different cities. Defendant Wynn is President of Supersonic. Defendants had contracted with a number of entertainers and performers known as the Jackie Wilson Show for a period including October 11, 1961 and were staging their performance in different cities. Howard Lewis is also in the entertainment business. It is undisputed that Lewis was connected with the performance of the Jackie Wilson Show in Houston on October 11, 1961. Defendants contend that Lewis was merely the promoter making the local arrangements for the show; while plaintiff contends that he was the owner of the show. Plaintiff had a judgment against Lewis, and attached the $5860 box office receipts of the Jackie Wilson Show at the Houston City Auditorium on October 11, 1961, as the money of Lewis. The money was in the possession of the Houston Ticket Service at the time of its attachment.

Defendants claim that they were the owners of the show and hence owners of the money, and received possession of the money from the sheriff by posting a claimants' bond.

█ Rule 730 T.R.C.P. provides that if (attached) property be taken from the possession of the claimant, the burden of proof shall be on plaintiff. If it be taken from the possession of any other person than the claimant, the burden of proof shall be on the claimant. The money was taken from the possession of Houston Ticket Service, so the burden of proof as to ownership of the money, was on the defendant. The record reflects that the premises the money was seized from were rented to Howard Lewis on the night of the attachment; that Howard Lewis paid the required deposit to the City of Houston; that the City

acknowledged rent of the premises by Lewis; that liability insurance coverage for the auditorium on the night in question was issued to Marcus Coleman; that Coleman was an employee of Lewis; that Lewis employed the Houston Ticket Service to handle the ticket sale; that the tickets were delivered to the Houston Ticket Service by Marcus Coleman; and that Howard Lewis was billed for their services by Houston Ticket Service. There is evidence that defendants sold the performance to Howard Lewis; and defendant Wynn refused to sell the Houston performance to one Don Roby, wiring him: "he had to give Lewis Houston."

There is also evidence that Lewis was only the local promoter of the show; that defendants did not sell him the Houston performance of the show; and that defendants were the owners of the Houston performance, (and hence owners of the money in the box office on October 11, 1961).

█ We think the evidence ample to sustain the finding that Howard Lewis was owner of the show, and hence owner of the attached money.

█ Defendants' 3rd contention complains of the trial court's exclusion from evidence of a producer-promoter contract. The contract excluded was between defendants and a W. R. West; nowhere mentions Howard Lewis; and we think was properly excluded.

Defendants' other complaints of exclusions of evidence by the trial court have been considered, and do not present reversible error. Rule 434, T.R.C.P.

All defendants' points and contentions are overruled.

Affirmed.