**A.E. BELL, Plaintiff–Respondent,**

v.

**M.A. KABIR PSYCHIATRY, INC., Mohammed A. Kabir, and Nafisa Kabir, Defendants–Appellants.**

**No. 59155.**

Missouri Court of Appeals, Eastern District, Division Four.

May 5, 1992.

Arthur Aaron Hogg, Baine & McHugh, Florissant, for defendants-appellants.

Vincent Vogler, St. Louis, for plaintiff-respondent.

AHRENS, Judge.

This appeal arises from a money judgment in favor of plaintiff, A.E. Bell, in plaintiff's suit on account. We dismiss.

In 1983, Dr. Mohammed A. Kabir, allegedly on behalf of M.A. Kabir Psychiatry, Inc., retained plaintiff to provide accounting and tax services to: the corporation; Dr. Kabir and his wife, Mrs. Nafisa Kabir; and the Kabirs' two children. Dr. and Mrs. Kabir are the officers, directors, and sole shareholders of M.A. Kabir Psychiatry, Inc. Plaintiff and Dr. Kabir orally agreed to a flat, monthly fee for all services plaintiff was to perform, whether personal or corporate. Plaintiff performed various tax and accounting services for the corporation and the Kabir family through 1986; at Dr. Kabir's request, all bills were sent to the corporate office.

Plaintiff was owed $5,040.00 when he ceased providing services to the Kabirs and M.A. Psychiatry, Inc. After a demand for payment, plaintiff brought suit for the amount due.

Plaintiff in his petition sought relief from the corporation as well as against Dr. and Mrs. Kabir. However, the trial court awarded judgment only "against Defendants, Mohammed Kabir and Nafisa Kabir, individuals, jointly and severally," even

though the judgment order's style included the corporation as a party.

■ When more than one claim for relief is presented in an action or when multiple parties are involved, a court may enter a judgment as to fewer than all the claims or parties only upon an express determination that there is "no just reason for delay." Rule 74.01(b). Although it did not adjudicate plaintiff's claims against the corporation, the court in entering judgment against the Kabirs made no determination that there was no just reason for delay. In the absence of such a determination, the judgment did not terminate the action as to any of the claims or parties and is subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. *Id.*

■ Finality of judgments is a jurisdictional prerequisite, and no appeal lies absent a final judgment. *Around the World Importing, Inc. v. Mercantile Trust Co. Nat'l Ass'n*, 771 S.W.2d 919, 921–22 (Mo. App.1989). In order for a judgment to be final and appealable, it must dispose of all parties and all issues in the case, leaving nothing for future determination. *Id.* at 922. Although the parties treat this case as if the court entered judgment against both the corporation and the Kabirs, we have no judgment before us disposing of plaintiff's claim against the corporation. The judgment lacks finality, and the appeal is dismissed.

SMITH, P.J., and KAROHL, J., concur.