**Emanuel WASSON, Appellant,**

v.

**Bruce WEINER, M.D., Appellee.**

**No. 10–93–122–CV.**

Court of Appeals of Texas,
Waco.

March 9, 1994.

David W. Holman, Richard P. Hogan, Jr., Holman Hogan, L.L.P., Houston, for appellant.

Sam A. Houston, Cruse, Scott, Henderson & Allen, L.L.P., Houston, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

Emanuel Wasson is appealing from a take-nothing summary judgment granted in favor of Dr. Bruce Weiner. In his first two points he argues that the court erred in granting the summary judgment and in denying his motion for new trial. In his final point he contends that, if the court correctly granted the summary judgment, then the case should be remanded in the interest of justice. We reverse.

On May 23, 1988, at the age of fifteen, Emanuel Wasson underwent surgery to have orthopedic pins inserted in his femur. Dr. Bruce Weiner, an orthopedic surgeon, performed the surgery. When Wasson last visited Weiner on June 2, 1988, he complained of constant pain in his hip and the need to use crutches. According to Wasson, Weiner

told him that the pain was "in his head" and that Wasson should quit using the crutches.

In August 1988, Wasson saw another doctor, Dr. Aubrey Douglas. The x-rays taken by Douglas revealed that one of the pins inserted by Weiner was incorrectly placed in Wasson's hip joint. Douglas performed surgery on Wasson in August 1988 and April 1990. However, the problem was not corrected.

In May 1991, Wasson, age eighteen, had a total hip replacement. In August 1992, at age nineteen, Wasson filed suit.

Weiner moved for a summary judgment based on the two-year statute of limitations. The court granted the summary judgment and Wasson appeals.

In his first point, Wasson contends that the court erred in granting the summary judgment. He argues that article 4590i, section 10.01, of the Revised Civil Statutes is substantially the same as Insurance Code article 5.82, section 4, which was held unconstitutional by the Supreme Court. *See* TEX. REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1993); TEX.INS.CODE ANN. art. 5.82, § 4 (repealed); *Sax v. Votteler,* 648 S.W.2d 661, 665–67 (Tex.1983).

Article 5.82, § 4, states in part:

Notwithstanding any other law, no claim against a [health care provider] ... may be commenced unless the action is filed within two years of the breach or the tort complained of or from the date the medical treatment that is the subject of the claim or the hospitalization for which the claim is made is completed, except that minors under the age of six years shall have until their eighth birthday in which to file, or have filed on their behalf, such claim. Except as herein provided, this section applies to all persons regardless of minority or other legal disability.

TEX.INS.CODE ANN. art. 5.82, § 4.

Texas Revised Civil Statute article 4590i, § 10.01, reads:

Notwithstanding any other law, no health care liability claim may be commenced unless that action is filed within two years from the occurrence of the breach or tort or from the date the medical

or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1993).

The statute of limitations provision contained in section 10.01 is "substantially the same as article 5.82, section 4, except under the amended law '... minors under the age of twelve years shall have until their fourteenth birthday in which to file, or have filed on their behalf, the claim.'" *Sax,* 648 S.W.2d at 663 n. 1. In *Sax* the Texas Supreme Court held that article 5.82, section 4, violates the due-process clause of the Texas Constitution and is therefore unconstitutional as applied to minors. *Id.* at 665–67. The court stated that a statute cannot cut off a minor's cause of action before he reaches the age of legal capacity. *Id.* at 667.

Because article 5.82, section 4, and article 4590i, section 10.01, are substantially the same, and because article 5.82, section 4, was held unconstitutional as applied to minors, we hold that article 4590i, section 10.01, is also unconstitutional as applied to minors. In doing so, we adopt and apply the analysis used by the Supreme Court in *Sax.* We sustain the first point and remand the case for further proceedings. We do not reach the remaining point.