Claire BATTAILE, as Next Friend
of Shannon Battaile, A Minor,
Appellant,

v.

Stuart James YOFFE, M.D. and Richard
M. Vadala, M.D., Appellees.

No. 01–93–01168–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 16, 1994.

Mark P. Clark, Don R. Cotton, Austin, for appellant.

Joan E. Porter, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and MIRABAL and HUTSON–DUNN, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a summary judgment in favor of appellees, Dr. Stuart James Yoffe and Dr. Richard M. Vadala, in this medical malpractice suit.

Claire Bataille brought this medical malpractice suit against Dr. Yoffe and Dr. Vadala on behalf of her minor daughter, Shannon. In her original petition, Bataille alleged that Doctors Yoffe and Vadala were negligent and/or grossly negligent in failing to properly diagnose and treat Shannon for certain seizure activity and apneic episodes that she suffered in the first three days after her birth.

The undisputed summary judgment evidence shows that Claire Battaile gave birth to Shannon at Northwest Medical Center in Houston on February 14, 1978. Neither Dr. Yoffe nor Dr. Vadala were involved with Claire Battaile's prenatal care or Shannon's birth. On the day of Shannon's birth, Dr. Yoffe was "on call" for Dr. Lee Ahmad Khan, Battaile's primary pediatrician. Dr. Yoffe first saw Shannon approximately five hours after her birth when he was alerted by a nurse that Shannon was suffering from periods of apnea; a cessation of breathing. Dr. Vadala did not see Shannon until the next morning, February 15, 1978. Doctors Yoffe and Vadala treated Shannon for her continuing apnea until she was transferred to Hermann Hospital three days after her birth. Neither doctor has treated or seen Shannon since February 17, 1978.

Claire Battaile filed this suit on Shannon's behalf on March 29, 1993; Shannon was fifteen years old at the time. Doctors Yoffe and Vadala filed motions for summary judgment claiming that Shannon's suit was time barred. Both motions were granted.

In three related points of error,[1] Bataille contends the trial court erred in granting summary judgment because the statute of limitations in the Medical Liability and Insurance Improvement Act (the Medical Liability Act)[2] is unconstitutional as applied to the minor plaintiff, Shannon.

In passing upon the constitutionality of a statute, we begin with a presumption of validity. It is to be presumed that the legislature has not acted unreasonably or arbitrarily. *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968). A mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable. *Id.*

The Medical Liability Act provides in part:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; *provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim.* Except as herein provided, *this subchapter applies to all persons regardless of minority* or other legal disability.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Pamph.1994) (emphasis added).

Battaile argues that the statute of limitations in the Medical Liability Act is unconstitutional with regard to minors, such as Shannon, because it violates the "open courts"

---

1. We note that Dr. Yoffe's motion for summary judgment also asserted that there was no genuine issue of material fact regarding negligence or proximate cause, and that Battaile's fourth point of error addresses this ground for summary judgment. However, Dr. Yoffe concedes in his appellate brief that Battaile's response to his summary judgment raised a genuine issue of material fact on negligence. Therefore, this Court will only address Battaile's first three points of error concerning the constitutionality of the applicable statute of limitations.

2. TEX REV.CIV.STAT.ANN art. 4590i (Vernon Pamph. 1994).

provision of the Texas Constitution by barring a minor's cause of action before he or she is legally able to bring suit. The open courts provision provides: "All courts shall be open, and every person for an injury done to him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX.CONST. art. I, § 13.

■ In order to assert a violation of the open courts provision, a litigant must meet two criteria: (1) that she has a cognizable common-law cause of action that is being restricted; and (2) that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983).

In *Sax*, the Texas Supreme Court considered the constitutionality of the precursor to section 10.01 of the Medical Liability Act.[3] The court acknowledged the legitimate purpose of the statute was to limit the length of time that medical professionals were exposed to potential liability. By so doing, it was hoped that medical malpractice insurance rates would decrease, thereby increasing the availability and quality of health care for all. *Id.* Nevertheless, the court concluded that the limitations statute was an unreasonable restriction on a minor's common-law cause of action for negligence, because it cut off that cause of action before the minor was legally able to assert it, without providing an adequate substitute remedy. *Id.* at 667.

Dr. Yoffe responds that Shannon has an adequate substitute remedy; it is his contention that Shannon may sue her parents for negligently failing to timely assert a malpractice claim on her behalf. However, the *Sax* court considered and rejected this argument. *Sax*, 648 S.W.2d at 667.

Dr. Vadala argues that Shannon must show that the statute of limitations is unconstitutional as applied to the specific facts of her case. Apparently he believes that Shannon must show some reason why her mother failed to timely assert a claim on her behalf. However, in *Sax*, the court indicated that is not a relevant inquiry because it would be "neither reasonable nor realistic to rely upon parents ... who may be ignorant, lethargic, or lack concern, to bring a malpractice action" within the time provided by the statute, and, even if a parent is negligent in failing to timely sue on the child's behalf, the child is precluded from suing the parent. *Sax*, 648 S.W.2d at 667.

■ Finally, Dr. Yoffe argues that even if we find the statute of limitations in article 4590i, § 10.01 unconstitutional as to minors, Shannon's claim is also barred by the equitable doctrine of laches. However, the record shows that Dr. Yoffe did not plead such a defense, or raise it in his motion for summary judgment. The defense of laches cannot be raised for the first time on appeal. *Danaho Refining Co. v. Dietz*, 398 S.W.2d 307, 312 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.); *Merrill v. Dunn*, 140 S.W.2d 320, 323 (Tex.Civ.App.—El Paso 1940, writ dism'd judgmt cor.).

We are cognizant of the fact that the current statute of limitations is broader than the statute declared unconstitutional by the *Sax* court. Under article 4590i, § 10.01, a minor child under the age of 12 is given to the age of 14 to bring suit, whereas under the previous statute[4], a minor child under age six was given only to age eight to assert his or her claim. Nevertheless, we find that the reasoning of the *Sax* opinion governs the disposition of this case. We note that the Waco Court of Appeals recently reached the same conclusion in *Wasson v. Weiner*, 871 S.W.2d 542 (Tex.App.—Waco, 1994, n.w.h.).

We further note that the supreme court has recently reaffirmed the continuing appli-

---

3. Former article 5.82, § 4, of the Texas Insurance Code Act of June 3, 1975, 64th Leg., R.S., ch. 330, § 1, 1975 Tex.Gen.Laws 864, 865–66, *repealed by* Act of June 16, 1977, 65th Leg., 1st C.S., Medical Liability and Insurance Improvement Act, ch. 817, pt. 4, 1977 Tex.Gen.Laws 2039, 2064. Under this precursor to article 4590i, § 10.01, a minor under six years of age was given to eight years old to bring suit.

4. Former article 5.82, § 4, of the Texas Insurance Code Act of June 3, 1975, 64th Leg., R.S., ch. 330, § 1, 1975 Tex.Gen.Laws 864, 865–66, *repealed by* Act of June 16, 1977, 65th Leg., 1st C.S., Medical Liability and Insurance Improvement Act, ch. 817, pt. 4, 1977 Tex.Gen.Laws 2039, 2064.

cability of *Sax* when it employed the reasoning of *Sax* to issues involving the legal disability of mental incapacity. In *Ruiz v. Conoco, Inc.,* the supreme court stated:

> We have compared the legal disabilities of minority status and mental incapacity: It is impossible to avoid the analogy between the situation of the child plaintiff [in *Sax*] and the arguably incompetent plaintiff in this case. Traditionally the interests of minors, incompetents, and other helpless persons are viewed in law as substantially similar, and both the substantive law and the rules of procedure accord them comparable treatment.

868 S.W.2d 752, 755 (Tex.1993).[5]

Because article 4590i, § 10.01 cuts off a minor's cause of action before the minor is legally able to assert it, and there is no adequate substitute remedy available to the minor, we hold the article to be unconstitutional as applied to minors.

We sustain appellant's three points of error.

We reverse the judgment and remand the cause to the trial court.

## HUTSON–DUNN, Justice, dissenting.

Did the legislature unreasonably restrict the right of a minor to sue when it passed the Medical Liability Act, requiring the minor to file his cause of action prior to reaching 14 years of age? To determine the answer to this question we must address whether or not the restriction contained in the Medical Liability Act is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex.1983).

The legislature specifically mandated that the medical liability act apply to all persons regardless of minority or other legal disability. The majority relies on *Sax,* a supreme court decision in which the court considered whether or not the former medical liability statute, former article 5.82, § 4, of the Texas Insurance Code, which required a minor to file his or her action prior to reaching eight years of age, holding the section unconstitutional as it applied to minors. I do not feel that the *Sax* decision, which concerned whether eight years was unreasonable when balanced against the purpose of the statute, is dispositive of the fact that the new statute which increases the period in which a minor can file to 14 years, is unconstitutional.

The majority agrees with *Sax* that the purpose and basis for the medical liability act are legitimate. *Id.* at 667. I agree with the majority in this respect.

One of the reasons *Sax* uses to justify the second criteria, i.e., that the restriction is unreasonable or arbitrary when balanced against the purpose, is that it is neither reasonable, nor realistic to rely on parents to bring a timely suit who may themselves be minors. *Id.* at 667. I agree.

The legislature evidently felt that this argument was reasonable also and immediately addressed this argument and changed the statute to extend the time in which minors may file to 14 years of age. A parent would have to have a child at three to four years of age to substantiate this argument under the new statute. The legislature in its wisdom felt, and I would agree, that this extension to 14 years of age is a fair and reasonable balance between the minor child's rights and the need that we all agree exists for such a statute.

The supreme court has not addressed the matter with which the court was concerned in *Sax* since the new medical liability statute became effective. TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Pamph.1994).

I would hold that the present medical liability statute is neither unreasonable nor arbitrary when balanced against the purpose and basis of the statute.

I dissent and I would affirm the judgment of the trial court.

---

**5.** The *Ruiz* court cited with approval the case of *Tinkle v. Henderson,* 730 S.W.2d 163, 166 (Tex. App.—Tyler 1987, writ ref'd). The *Tinkle* court had held that the two-year limitation provision in the Medical Liability Act was "violative of the open courts provision of our Constitution when it operates to bar the cause of action from medical malpractice brought by one who has remained continuously mentally incompetent from the time of injury until suit is filed." 730 S.W.2d at 167.