**CONTINENTAL BASKETBALL ASSOCIATION, Plaintiff–Appellant,**

v.

**HARRISBURG PROFESSIONAL SPORTS INC., Van Farber and Andrew Dauro, Defendants–Respondents.**

No. 71191.

Missouri Court of Appeals, Eastern District, Division Four.

June 17, 1997.

ability to do so. RSMo § 211.447.2(2)(a), (b) and (d).

Bryan Cave, L.L.P., Douglas W. King, Michael F. Coles, St. Louis, for Plaintiff–Appellant.

Van Farber, Harrisburg, P.A, pro se, Gerald M. Dunne, Kodner, Watkins, Muchnick & Dunne, St. Louis, for Defendants–Respondents.

KAROHL, Judge.

Continental Basketball Association (CBA) appeals an order of the trial court setting aside default judgments against individual defendants, Mr. Van Farber (Farber) and Mr. Andrew Dauro (Dauro). CBA filed a petition against Harrisburg Professional Sports, Inc. (HPSI), Farber, and Dauro in February 1995. The defendants never answered the petition and, thus, stood in default. The lawsuit against the corporate defendant was stayed after it filed a notice of bankruptcy. 11 U.S.C. § 362. In 1996, the court granted a default judgment against Farber and Dauro on Counts II and III of a three-count petition. Subsequently, the individual defendants filed motions to set aside the default judgments. The trial court set aside the default judgments and CBA has appealed that decision. We find there are available facts to support a finding defendants' conduct in not filing an answer was an inadvertent mistake which was not intentionally or recklessly designed to impede the judicial process. Accordingly, we affirm. Rule 74.05(d).

HPSI owned the Harrisburg [Pennsylvania] Hammerheads basketball franchise, a franchise team in the Continental Basketball Association. Farber is the majority stockholder; Dauro is the minority stockholder of HPSI. CBA alleged HPSI failed to comply with the by-laws of the Continental Basketball Association and violated various league rules. In February 1995, CBA notified HPSI that its membership in the league was terminated. CBA filed a three-count petition against HPSI, Farber, and Dauro in the Circuit Court of St. Louis County, Missouri. After service of process upon all three defendants, CBA filed a first amended petition on March 23, 1995. The petition sought declaratory relief (Count I), damages for breach of contract (Count II), and damages for misrepresentation (Count III). The individual defendants, Farber and Dauro, were implicated only as to Count III of the petition. HPSI filed a Chapter 11 petition for relief under the Bankruptcy Code on March 13, 1995, in the District Court for the Middle District of Pennsylvania. 11 U.S.C. § 1101 et seq.

The defendants filed a motion to remove this case to the United States District Court for the Eastern District of Missouri and to simultaneously transfer the case to the United States District Court for the Middle District in Pennsylvania which had jurisdiction over HPSI's bankruptcy proceedings. The United States District Court for the Eastern District of Missouri denied the motion and remanded the cause of action to the Circuit

Court of St. Louis County. Simultaneously, the defendants filed a complaint concerning the same underlying transactions as involved in this case in the Federal District Court in Pennsylvania. That court subsequently dismissed the complaint for lack of jurisdiction. The defendants then filed their complaint with the same claims in the Pennsylvania state courts. That litigation is currently still pending in Pennsylvania.

Although defendants were actively involved in the litigation process regarding this controversy, they failed to answer the original petition CBA filed in the Missouri trial court. On April 2, 1996, the trial court granted CBA's motion for default judgments.[1] Defendants' motions to set aside the default were filed on July 18, 1996. The set aside order was entered on August 1, 1996.

■ Finality of a judgment is a jurisdictional prerequisite, and no appeal lies absent a final judgment. *A.E. Bell v. M.A. Kabir Psychiatry, Inc.*, 828 S.W.2d 956, 957 (Mo. App.1992). For a judgment to be final and appealable, it must dispose of all parties and all issues in the case, leaving nothing for future determination. *Id.* However, a court may enter a final judgment as to one or more but fewer than all of the parties upon an express determination that there is no just reason for delay. Rule 74.01(b). In this case, the trial court included a finding of no just reason for delay in the default judgments against Faber and Dauro, even though Counts I, II and III against defendant HPSI were still pending. In *Gantz v. Director of Revenue, State of Missouri*, 921 S.W.2d 156 (Mo.App. E.D.1996), we ruled that when a trial court sets aside a default judgment after the judgment has become final, the trial court's order setting aside the default judgment is immediately appealable. *Id.* at 157. We have jurisdiction because defendants moved to set aside the judgments more than thirty days after entry.

■ On August 1, 1996, the trial court set aside the default judgments and granted leave to file an answer, defenses, and counterclaims. CBA appealed the decision to set

aside the default judgments claiming, *inter alia*, the court abused its discretion in setting aside the judgments. A trial court has discretion under Rule 74.05(d) to set aside a default judgment. The pertinent part of the rule states:

> Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.

It has been held that a trial court's discretion not to set aside a default judgment is narrower than the broader discretion a trial court has in setting aside a default judgment. *First Missouri Bank of St. Francois County v. Patterson*, 696 S.W.2d 800, 801 (Mo.App. 1985). The reason for such disparate treatment in reviewing a trial court's decision "is the distaste our system holds for default judgments." *Gibson by Woodall v. Elley*, 778 S.W.2d 851, 854 (Mo.App.1989) (citations omitted). Thus, courts favor a trial on the merits over a default judgment and will try to obtain such a result, unless it produces inequity.

■ CBA argues two related points on appeal. Both points argue the trial court abused its discretion in setting aside the default judgments. To prevail in obtaining an order to set aside a default judgment, a defendant must allege facts which constitute a meritorious defense and show good cause why the trial court should set aside a judgment the defendant allowed to be granted in the plaintiff's favor. CBA relies entirely on failure to satisfy the good cause requirement. It does not contest the meritorious defense requirement in this appeal. It contends defendants failed to satisfy standards of showing good cause to set the default judgments aside.

---

1. It appears Count II of the petition claimed relief against HPSI only, and not against defendants Farber and Dauro individually. We are not informed as to why the trial court entered judgments against the individual defendants on this claim.

In the motion to set aside, defendants alleged that the law firm he had hired to represent him in this action "mistakenly believed that an Answer had been filed in the instant case or that one was not required." Mr. Angino, the managing partner of the law firm representing Farber, affirmed in an affidavit, "[b]ecause of the ongoing litigation in three different courts, there was considerable confusion regarding what pleadings had been filed in what actions. It was the mistaken belief of Angino & Rovner, P.C. that it had filed all appropriate pleadings in the Missouri case."

■ CBA relies on *Sprung v. Negwer Materials, Inc.*, 775 S.W.2d 97 (Mo. banc 1989). It urges a decision based on a negligence standard which requires reversal of the trial court's decision. *Sprung* is no longer controlling when a trial court sets aside a default judgment. The present Rule 74.05(d) was promulgated after the decision in *Sprung*. It defines good cause in setting aside a default judgment as "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d). The decision in *Newton v. Manley*, 824 S.W.2d 522 (Mo.App.1992), is dispositive. The court in *Newton* reversed a decision by the trial court not to set aside a default judgment when the attorney for the defendant had negligently failed to file an answer in that case. The court reasoned that under the new Rule 74.05, good faith can still be established by the defendant even if he or she had negligently failed to file a responsive pleading. *Id.* at 524. In *Schulte v. Venture Stores, Inc.*, 832 S.W.2d 13 (Mo. App. E.D.1992), we held defendant's lawyer, who failed to appear at a scheduled trial date, was not reckless within the meaning of Rule 74.05(d)[2]. An argument the new rule will lead to careless or lazy filings by defendants and slow the judicial process, is tempered by a trial court's discretion in deciding whether or not the defendant has acted in good faith. Although "it is clear that the trial court's discretion to forgive the mishandling of legal documents has been consider-

ably broadened" by Rule 74.05(d), we do not find defendants benefited by any act designed to impede justice. *See McClelland v. Progressive Casualty Ins. Co.*, 790 S.W.2d 490, 493 (Mo.App.1990).

■ The record supports a conclusion that defendants may have acted negligently, but not recklessly or intentionally in failing to file answers to CBA's petition. They hired legal counsel to represent them in the action. *Great Southern Savings & Loan Assoc. v. Wilburn*, 887 S.W.2d 581 (Mo. banc 1994) (not hiring an attorney to represent one's self by the time one is in default is reckless conduct designed to impede the judicial process). Defendants' attorneys were handling litigation of the same case in at least three different venues, including the present case which was removed and returned from the United States District Court. They mistakenly believed that answers had been filed in the Missouri case. Upon learning of the default judgments, defendant promptly moved to set aside. Prompt action by a movant assists in establishing the defendant's good faith required under Rule 74.05(d). *Magee v. Magee*, 904 S.W.2d 514, 518 (Mo.App. W.D.1995). We conclude the trial court did not abuse its discretion in setting aside default judgments.

We affirm.

RHODES RUSSELL, P.J., and SIMON, J., concur.

---

2. In *Schulte* the court applied Rule 74.05(c). Rule 74.05(c) was amended June 1, 1993, and is now Rule 74.05(d). No changes to the language of the Rule were made in the amendment which became effective January 1, 1994.