**Brian SETZER, Appellant,**

v.

**STEWART TITLE GUARANTY COMPANY, Respondent.**

**No. ED 96308.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 27, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 2011.

Application for Transfer Denied Dec. 20, 2011.

John L. Davidson, St. Louis, MO, For Appellant.

Randall F. Scherck, Clayton, MO, For Respondent.

Before PATRICIA L. COHEN, P.J., GEORGE W. DRAPER III, J., and ROBERT M. CLAYTON III, J.

### *ORDER*

PER CURIAM.

Brian Setzer (hereinafter, "Setzer") appeals from the trial court's judgment setting aside a default judgment entered against Stewart Title Guaranty Company (hereinafter, "Respondent") and Security Title Insurance Agency, LLC. Setzer raises three points on appeal, claiming Respondent's Rule 74.05 motion was deficient in that Respondent has no meritorious defense which would warrant setting aside the default judgment.

Setting aside a default judgment by a trial court is reviewed for an abuse of discretion. *In re Marriage of Callahan*, 277 S.W.3d 643, 644 (Mo. banc 2009). "Missouri appellate courts have traditionally afforded significant deference to the circuit court's decision to set aside a default judgment because of the public policy favoring the resolution of cases on the merits and the 'distaste our system holds for default judgments.'" *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686 (Mo. banc 2007) (*quoting Cont'l Basketball Ass'n v. Harrisburg Prof'l Sports Inc.*, 947 S.W.2d 471, 473 (Mo.App. E.D.1997)).

We have reviewed the briefs of the parties and the legal file on appeal. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law would have no prece-

dential value. The trial court's judgment is affirmed pursuant to Rule 84.16(b).