**Brentley Shane HOGAN and Bradley Shawn Hogan, Appellants,**

**v.**

**Grady L. HALLMAN, M.D., Charles J. Rodman, M.D., and St. Luke's Episcopal Hospital, Appellees.**

No. B14–92–00989–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 21, 1994.

Rehearing Overruled Oct. 6, 1994.

334

Les Cochran, Virginia A. Barry, Houston, for appellant.

Solace H. Kirkland, Gordon M. Carver, III, Frank V. Ghiselli, Houston, for appellees.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is a consolidated appeal from three separate summary judgments granted in favor of appellees, St. Luke's Episcopal Hospital, Dr. Grady Hallman, and Dr. Charles Rodman. Appellants, Brentley Hogan and Bradley Hogan, brought a wrongful death action against appellees based on the alleged medical malpractice resulting in the death of their mother, Melissa Boddie Hogan. The trial court granted appellees' motions for summary judgment on the basis of the limitations provision in the Medical Liability and Insurance Improvement Act ("Medical Liability Act"). Tex.Rev.Stat.Ann., art. 4590i, § 10.01 (Vernon Supp.1993). In two points of error, appellants allege that the trial court erred in granting summary judgment for appellees because their wrongful death action was not barred by the limitations in article 4590i. We affirm.

The record reveals that on September 18, 1978, Melissa Boddie Hogan was admitted to St. Luke's Hospital by Dr. J.M. Bergland for evaluation and treatment of a cystic lesion in the right lower lobe of her lung. The lesion was associated with recurrent infections and coughing up of blood. During Hogan's hospitalization, Dr. Bergland consulted with Dr. Hallman, who recommended surgery to evaluate and visualize the cystic lesion. On September 19, 1978, Dr. Hallman performed surgery on her with the assistance of Dr. Rodman and Dr. Hernan Ramirez. After assessing the etiology of the lung, the doctors decided to remove a portion of the lung by way of a right lower lobectomy. After the surgery, Hogan was transferred to the recovery room in stable condition. During her post-operative recovery period, she had a paroxysm of coughing and began to hemorrhage from the surgical site. As a result, Hogan died on September 19, 1978, leaving two minor sons, appellants, who were five years old at that time.

On March 15, 1991, appellants turned eighteen years of age. Thereafter, appellants filed suit against appellees on May 21, 1991. The suit originally named St. Luke's Hospital, Dr. Hallman, Dr. Rodman, and Dr. Ramirez. However, Dr. Ramirez was later dismissed from the suit and is not a party to this appeal. These summary judgments based on the statute of limitations were subsequently granted.

On appeal from the granting of summary judgment, the court must inquire whether the evidence establishes as a matter of law that there is no genuine issue of material fact. *Rodriguez v. Naylor*, 763 S.W.2d 411, 413 (Tex.1989). In deciding whether a disputed material fact issue exists, the evidence must be viewed in favor of the non-movant, resolving all doubts and indulging all reasonable inferences in his favor, and is taken as true. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex.1985). When a defendant in a medical malpractice case moves for summary judgment based on the running of limitations, the defendant bears the burden of showing that the suit is barred by limitations as a matter of law.

*Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex. 1983).

■ In their first point of error, appellants allege that the trial court erred in granting summary judgment in favor of appellees because their mother had a viable claim for medical malpractice at the time of her death. Appellants further contend that their mother's health care liability claim preserved their wrongful death action until they reached the age of majority. Thus, appellants' claim would not be barred by the statute of limitations.

Before deciding this point, we must first determine the applicable statute of limitations. Appellants claim that the controlling statute of limitations is § 16.003(b) of the civil practice and remedies code, which allows wrongful death actions to be filed within two years from the date of death. Tex.Civ.Prac. & Rem.Code Ann. § 16.003(b) (Vernon 1986). Section 16.003(b) provides that:

> A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

Tex.Civ.Prac. & Rem.Code Ann. § 16.003(b) (Vernon 1986).

Appellees argue to the contrary and contend that the applicable statute of limitations is found in article 4590i, § 10.01 of the Medical Liability Act. Section 10.01 provides, in pertinent part, that:

> Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed ...

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Supp.1993). Appellees further argue that § 16.003(b) is part of the "other law" expressly made inapplicable by operation of this statute.

■ In *Wilson v. Rudd*, this court addressed which period of limitations controls a wrongful death action based on medical malpractice. We held that a wrongful death

action was not barred by the limitations period of the Medical Liability Act. *Wilson v. Rudd*, 814 S.W.2d 818 (Tex.App.—Houston [14th Dist.] 1991, writ denied). We concluded that section 16.003(b) provides the limitations period for wrongful death actions. The plain language of section 16.003(b) reflects a clear legislative intent to adopt an absolute two-years limitations period for wrongful death actions. *Id.; Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 354 (Tex.1990). Since section 16.003(b) is not a general tolling provision, it is not a part of the "other law" expressly made inapplicable by the operation of article 4590i, § 10.01. *Wilson*, 814 S.W.2d at 822. *Contra Shidaker v. Winsett*, 805 S.W.2d 941, 943 (Tex.App.—Amarillo 1991, writ denied); *Sanchez v. Memorial Medical Center Hospital*, 769 S.W.2d 656, 660 (Tex.App.—Corpus Christi 1989, no writ). Therefore, we find that the statute of limitations in § 16.003 is applicable to the present case.

In the present case, appellants' mother died on September 19, 1978. Under section 16.003(b), appellants had until September 19, 1980, to file their wrongful death action against appellees. Even assuming, *arguendo,* that article 4590i applied to this case, appellants still had until September 19, 1980, to file their suit because the last date on which the alleged negligence could have occurred was September 19, 1978, the date of Hogan's surgery. Since appellants filed their wrongful death action on May 21, 1991, it would not be timely filed unless the statute of limitations was otherwise tolled.

■ We must, however, consider any applicable tolling provisions that would extend the time for appellants to file their lawsuit. Appellants contend that the general tolling provision in § 16.001 of the civil practice and remedies code should be applied. TEX.CIV. PRAC. & REM.CODE ANN. § 16.001 (Vernon 1986). Section 16.001 provides, in relevant part, that:

(a) For the purpose of this subchapter, a person is under a legal disability if the person is (1) younger than 18 years of age, regardless of whether the person is married;

(b) If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in the limitations period.

*Id.* Based on this tolling provision, appellants argue that the two-year limitations period was tolled until their eighteenth birthday.

Appellees argue, on the other hand, that the tolling provision for the period of minority in article 4590i, § 10.01, governs this case. We agree. The Medical Liability Act contains its own limited tolling provision which suspends the statute during minority. TEX. REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1993). Section 10.01 provides, in relevant part, that:

... provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or to have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

*Id.* As a general tolling statute, section 16.001 is not a part of the statutory scheme for medical malpractice claims envisioned by the legislature. Therefore, section 16.001 is a part of the "other law" expressly made inapplicable by operation of the statute. *See Wilson*, 814 S.W.2d at 821; *Sanchez*, 769 S.W.2d at 659–60; *Rascoe v. Anabtawi*, 730 S.W.2d 460, 461 (Tex.App.—Beaumont 1987, no writ). Appellants reached age twelve on March 15, 1985, and they had until two years thereafter to file suit. Under article 4590i, § 10.01, appellant had until March 15, 1987, to file suit against appellees. Since appellants did not file their wrongful death action until May 21, 1991, we find that the trial court properly decided that such action was barred as a matter of law by the terms of this statute. Accordingly, we overrule appellants' first point of error.

■ In their second point of error, appellants allege that the trial court erred in granting summary judgment for appellees because article 4590i, § 4.01 and § 10.01, of the Medical Liability Act is unconstitutional as applied to them because they were legally barred from pursuing their cause of action in

their own right until their disability was removed. Thus, appellants contend that the requirements of article 4590i violate their constitutional rights of due process, equal protection and access to open courts by imposing an impossible burden on them to meet the mandatory notice of claim requirement and the statute of limitations requirement.

Appellants challenge this statute on several constitutional grounds. First, appellants assert that the application of the notice requirement of article 4590i, § 4.01 to them violates their due process rights under the Texas Constitution. Section 4.01 provides that:

> (a) Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01 (Vernon Supp.1993). Appellants allege that this notice provision required them to give notice "years before they were legally competent to do so." In support of their position, appellants cite several cases: *Tinkle v. Henderson*, 730 S.W.2d 163 (Tex.App.—Tyler 1987, writ ref'd); *Hanks v. City of Port Arthur*, 121 Tex. 202, 48 S.W.2d 944 (1932); and *McCrary v. City of Odessa*, 482 S.W.2d 151 (Tex.1972).

■ It is true that these cases held that certain notice requirements were unconstitutional as applied to minors. *Id.* These cases involved minors' claims based on common law causes of action. However, appellants' cause of action for wrongful death is a statutory cause of action. The Supreme Court does not apply the same constitutional standard of protection to statutory causes of action. *See Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983). The rationale is that the legislature creates statutes and has the constitutional power to amend or abolish them. *See Rose v. Doctors Hospital*, 801 S.W.2d 841, 845 (Tex.1990).

This constitutional distinction and rationale will be discussed in detail later in this opin-

ion. The notice provision of § 4.01 standing alone is not unconstitutional as applied to appellants. It is simply a part of the main issue, the constitutionality of the limitations statute imposed on minors by § 10.01 of the Medical Liability Act. If § 10.01 fails constitutionally, the notice provision issue is moot. If not, the notice provision simply applies to the ad litem or whomever brings suit on behalf of the minor claimants.

■ Secondly, appellants argue that application of the minor tolling provision of article 4590i, § 10.01 to them violates the open courts provision of the Texas Constitution. We disagree. The open courts provision, a due process guarantee, provides that:

> All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

TEX. CONST. ART. I, § 13. As stated, the provision prevents the legislature from restricting or abrogating a common-law cause of action. *Id.* Section 10.01 was designed to limit the length of time an insured health care provider would be exposed to potential liability. *Sax*, 648 S.W.2d at 666. While *Sax* declared the minors limitation period imposed by an earlier version of this section to be unconstitutional, it grounded its decision on the rationale that the cause of action must be a common law cause of action, not a statutory one, as is involved here. Yet, the open courts provision operates to render section 10.01 unconstitutional insofar as it purports to cut off a cause of action before the action is known to exist or before suit can be brought. *Nelson v. Krusen*, 678 S.W.2d 918, 923 (Tex.1984). However, the open courts provision has no effect on the limitations period when the plaintiff discovers his injury while there is still a reasonable time to sue. *Morrison v. Chan*, 699 S.W.2d 205, 207 (Tex. 1985); *Nelson*, 678 S.W.2d at 923.

Here, appellees point out that they knew of their mother's death on September 19, 1978. They knew more than nine years before the medical malpractice limitations period expired on March 15, 1987, their fourteenth birthday. Appellees assert that appellants could have pursued their wrongful

death claim through a guardian ad litem or an adult relative filing on their behalf as next friend. TEX.R.CIV.P. 44. Appellants thus were not completely deprived of the opportunity to bring their suit, but rather they had a shorter period in which to bring it. Consequently, appellees contend the limitations period of article 4590i, § 10.01 is not an unconstitutional open-courts violation as applied to appellants under the facts of this case and the rationale of the supreme court in *Sax, supra.*

The Texas Supreme Court has reaffirmed the reasoning in *Sax.* It held that in analyzing a litigant's right to redress under the open courts provision, the litigant must satisfy two criteria. Appellants must show that: (1) they have a cognizable common law cause of action that is being restricted, and (2) the restriction is unreasonable or arbitrary when balanced against the purpose of the statute. The open courts provision does not apply to statutory claims. *Rose,* 801 S.W.2d at 845; *Moreno,* 787 S.W.2d at 355.

At common-law, there was no cause of action for wrongful death. *Russell v. Ingersoll–Rand Co.,* 841 S.W.2d 343, 344 (Tex.1992). Through wrongful death statutes, the legislature abolished the common-law rule that no cause of action may be brought for the death of another person. *Id.* at 344–45. A wrongful death action is purely statutory. *Moreno,* 787 S.W.2d at 356. Appellants' right to bring their claims was conferred by statute, not by the common law. *See Rose,* 801 S.W.2d at 845. The basis of this distinction is that the legislature created the cause of action, and thus has the power to change, limit, or repeal it, provided it has a legitimate state interest in doing so. The first prong of the test thus cannot be met because appellants' wrongful death action is purely statutory, so we need not address the second prong. Thus, the statute of limitations imposed on wrongful death suits by minors under article 4590i, § 10.01 is not violative of the open courts provision of the Texas Constitution.

Appellants, however, assert another serious constitutional challenge. They contend that the application of article 4590i, § 10.01 to their wrongful death claim violates their due process and equal protection rights under the United States and Texas Constitutions. They, in effect, allege that the statute as applied treats them as a separate and legally inferior class of minors because they are required to bring their wrongful death action based on medical malpractice by their fourteenth birthday, while minors of their age pursuing the same claim based on other types of alleged negligence have until their twentieth birthday. Thus, they conclude that article 4590i, § 10.01, is unconstitutional in its application as to them and violates their entitlement to equal protection of the law under both the federal and state constitutions.

The United States Constitution provides that no state shall deny any person within its jurisdiction the equal protection of the laws. U.S. CONST. § 1. While the Texas Constitution provides that all free men have equal rights. TEX. CONST. art. I, § 3. Texas cases follow federal standards when determining whether a statute violates equal protection under either provision. *Rose,* 801 S.W.2d at 846; *Spring Branch I.S.D. v. Stamos,* 695 S.W.2d 556, 559–60 (Tex.1985).

Appellees counter this constitutional challenge by asserting that appellants must first overcome the presumption in favor of an act of the legislature, and direct us again to the rationale set out in *Sax* and *Rose.* They point out that when the classification created by a state statute does not infringe upon fundamental rights or does not burden an inherently suspect class, equal protection requires only that the statute be rationally related to a legitimate state interest. *Id.* Unless fundamental rights or suspect classes are involved, equal protection requires that article 4590i of the Medical Liability Act merely be rationally related to a legitimate state interest. *Rose,* 801 S.W.2d at 846. Appellees contend that no such rights or classes exist in this case.

The Medical Liability Act delineates the state's interests in a list of purposes found at the beginning of the statute. TEX.REV.CIV. STAT.ANN. art. 4590i, § 1.02(b) (Vernon Supp.

1993); *Rose*, 801 S.W.2d at 846. These purposes include the reduction of excessive severity of health care liability claims, decreasing the cost of those claims, making insurance at reasonably affordable rates available to health care providers, and making affordable health care more accessible and available to the public. *Id.* The specific purpose of the minor tolling provision was to limit the length of time that the insureds would be exposed to potential liability. The method by which the legislature chose to effect those purposes is outlined in § 10.01, the minority tolling provision. In *Rose*, the supreme court ruled that a monetary damage cap on medical malpractice claims is thus rationally related to the legitimate interests of the state as set out in the statute's purpose provision. Thus, as an intermediate appellate court, we are bound to follow the supreme court's reasoning in *Rose* and hold that the concerned limitations statute does not violate the equal protection clauses of either the U.S. or Texas Constitution.

We would, however, urge the supreme court to revisit the issue of the statute of limitations imposed here, and its effect on the rights of a limited class of minors to bring suit. The equal protection clause issue was, in our opinion, not fully fleshed out in *Rose*, and the court in *Sax* specifically declined to decide the issue before it on equal protection grounds. *Sax*, 648 S.W.2d at 664. But for the rationale of *Rose*, we would be hard pressed to justify the constitutionality of the article 4590i, § 10 under an equal protection analysis. The application of this act to require minors who lose a parent to alleged medical malpractice to bring their suits by the time they reach fourteen years of age, while minors whose parents were killed due to other types of negligence have until their twentieth birthday, seems to us an unequal application of the law.

We note that two recent appeals courts have examined the constitutionality of article 4590i, § 10.01 insofar as it applies to minors under the age fourteen who bring suit for their own injuries due to alleged medical malpractice. *Wasson v. Weiner*, 871 S.W.2d 542 (Tex.App.—Waco, 1994, n.w.h.); *Battaile v. Yoffe, et al,* 882 S.W.2d 13 (Tex.App.— Houston [1st Dist.], 1994, n.w.h.). They extended the rationale of *Sax* to encompass this new limitations statute which replaced the prior one that required minors under age six to bring their lawsuits for medical malpractice injuries by their eighth birthday. TEX. INS.CODE ANN. art. 5.82, § 4 (Vernon 1981) (repealed). The same reasoning would seem to apply here. If minors are to be given full protection as to the time they are allowed to bring suit for their personal injuries, appellants who have lost a parent due to the same type of negligence should be even equally, if not more, deserving of legal protection. Particularly here, where the appellants were left without parents to protect their interests. *Sax*, 648 S.W.2d at 666.

The rationale behind the common law-statutory distinction set out in *Sax* and *Rose* also seems less applicable here. *Sax*, 648 S.W.2d at 666; *Rose*, 801 S.W.2d at 845–46. Historically, Texas has always been protective of its minor children involved in the legal process. It has continuously provided statutory protection by deferring the time in which minors could file suit for injury to two years after attaining their majority. Act of February 5, 1841, Laws of the Republic of Texas, at 166; 2 H. GAMMEL, Laws of Texas 630 (1898). At one time, the Texas Constitution tolled limitations for minors for seven years after removal of disabilities. TEX.CONST. art. XII, § 14 (1869). In recent years, except for the current medical liability statute under consideration and its predecessor, the protection has been continuously statutory in origin and limited to two years after attainment of majority or removal of disabilities. TEX.REV. CIV.STAT.ANN. art. 5535 (Vernon 1958) (derived from TEX.REV.CIV.STAT.ANN. art. 5708 (Vernon 1911)).

While it is clear that the legislature has the right to amend and even abolish its statutory creations, such as the wrongful death statute involved here, it should not have the constitutional power to amend it in a manner that singles out and discriminates against a portion of a legally protected class such as minors. To single out minors aged twelve and under and limit them to age fourteen in which to bring their actions, while allowing minors of the same ages pursuing

the same wrongful death action against a different type of tortfeasor to bring their suits by their twentieth birthday, seems unreasonable and arbitrary. If the legislature was limiting all minors who were asserting wrongful death claims, regardless of the source of the alleged negligence, the legislative power rationale would be on firmer constitutional ground. The purpose justifying this different treatment for certain minors also seems constitutionally suspect. To reduce medical liability insurance premiums is no doubt a worthy goal. But does not the same logic apply to the trucking industry when one of its vehicles driven negligently causes the death of a person with minor children? Instead, such minor children are given two years after their eighteenth birthday to bring their suit for the wrongful death of a parent, and the trucking industry tortfeasor pays the higher liability insurance premium. At best, article 4590i, § 10.01 seems selective in its legislative purpose, and discriminatory in its effect.

Notwithstanding these serious considerations, we as an intermediate appellate court are compelled by the supreme court's rulings in *Sax* and *Rose* to overrule the constitutional challenges raised by appellants. We overrule appellant's second point of error. Accordingly, we affirm the summary judgments.