Genie Garcia POVOLISH and Mario Francisco Garcia, Individually and as Natural Children of Emilia Garcia, Deceased, and on Behalf of All Other Beneficiaries Under the Texas Wrongful Death Act, Appellants,

v.

BETHANIA REGIONAL HEALTH CARE CENTER, Gary Ozier, M.D., Robert King, M.D. and Frederick Farrell, M.D., Individually and d/b/a Wichita Falls Clinic Partnership, L.L.P., Appellees.

No. 2-94-260-CV.

Court of Appeals of Texas, Fort Worth.

Aug. 17, 1995.

Vic Terry, David Terry, D. James Mackall, Clay Miller, Law Offices of Vic Terry, P.C., Dallas, for appellants.

Jennifer M. Andrews, D. Michael Wallach, Wallach, Jones & Moore, P.C., Fort Worth, for appellees.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

Appellants, Genie Garcia Povolish and Mario Francisco Garcia, appeal from a summary judgment granted in favor of Appellee. In two points of error, Appellants allege that the statute of limitation provision of the Medical Malpractice Statute violates the Due Process Clause of the Texas Constitution and the Equal Protection Clause of the Texas Constitution. We affirm.

Ms. Emilia Garcia, mother of Appellants, sought medical treatment from Dr. Gary Ozier, Dr. Robert King, and Dr. Frederick Farrell. She was admitted to Bethania Regional Health Care Center on January 1, 1991 and was discharged on January 14, 1991. She was readmitted on January 30, 1991 and discharged on February 2, 1991. After the second discharge, Ms. Garcia went into cardiac arrest and died on February 4, 1991. At the time of Ms. Garcia's death, Ms. Povolish was seventeen and Mr. Garcia was sixteen.

On July 30, 1993, a lawsuit was initiated on behalf of Ms. Garcia's estate, Juan Garcia, Jr., another of Ms. Garcia's sons, and Appellants. Juan Garcia Jr. later abandoned his individual claims and that of the Estate. The lawsuit alleged that Appellees had committed medical malpractice resulting in the wrongful death of their mother. Appellees filed a motion for summary judgment alleging that the statute of limitations barred Appellants' lawsuit. Appellees alleged in their motion that Appellants had two years from the time of their mother's death to bring the lawsuit and failed to do that. The motion for summary judgment was granted.

Appellants' first point of error alleges that the trial court erred by granting summary judgment on the wrongful death and survival causes of action because the statute of limitation provision of article 4590i, section 10.01 violates the Due Process Clause of the Texas Constitution.

 Article 4590i of the Texas Revised Civil Statutes is the Medical Liability and Insurance Improvement Act. Section 10.01 of article 4590i provides:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Pamph.1995). There is a presumption that all statutes are constitutional. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex.1983). Article 1, section 19 of the Texas Constitution states:

No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

TEX. CONST. art. 1, § 19. The legislature may limit the time period to bring suit, as long as a reasonable amount of time is given to bring suit. *Alvarado v. Gonzales*, 552 S.W.2d 539, 542 (Tex.Civ.App.—Corpus Christi 1977, no writ). The statute provides two years to bring suit. Furthermore, if a right is not a constitutional right, then there only needs to be a rational relationship between the statute and the legislative purpose for the statute. The right to bring a wrongful death or survival action is a statutorily created right, not a common-law right. *Suber v. Ohio Medical Products Inc.*, 811 S.W.2d 646, 650 (Tex. App—Houston [14th Dist.] 1991, writ denied). There is a rational relationship between an absolute two-year limitation period and the purposes stated for the Medical Liability and Insurance Improvement Act. *See* TEX.REV.CIV.STAT.ANN. art. 4590i § 1.02(b) (Vernon Supp.1995). We hold that the two year time period is reasonable. Appellant's first point of error is overruled.

 Appellant's second point of error argues that the trial court erred in granting Appellees' motion for summary judgment because the statute of limitation provision vio-

lates the Equal Protection Clause of the Texas Constitution.

Minors are prohibited from bringing suit individually until they have reached the age of majority. Appellants allege that when this rule is combined with article 4590i, the end result is that minors are prevented from bringing suit until they reach majority, and yet section 10.01 of article 4590i may bar them from bringing suit upon reaching majority because the limitation period may have run. Appellants argue that this statute of limitation, as it applies to minors, violates the Equal Protection Clause.

Article 1, section 3, of the Texas Constitution provides:

> All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services.

TEX. CONST. art. 1, § 3. Appellants were seventeen and sixteen at the time of their mother's death and had both reached majority status when the statute ran. Thus, the statute in question did not entirely prevent Appellants' suit, it just limited the time frame in which Appellants could sue.

■ If a classification does not infringe upon a fundamental right or burden a suspect class, then the statute need only bear a rational relationship to a legitimate state interest. *Rose v. Doctors Hospital,* 801 S.W.2d 841, 846 (Tex.1990). Age is not considered a suspect class, *see id.,* nor is the right to sue under a wrongful death statute considered a fundamental right. *See Moreno v. Sterling Drug Inc.,* 787 S.W.2d 348, 355–56 (Tex. 1990). So, we must determine whether the statute of limitation provision bears a rational relationship to a legitimate state interest.

Section 1.02 of article 4590i states the findings and purposes of the statute. Those purposes include "the reduction of excessive severity of health care liability claims, decreasing the cost of those claims, making insurance at reasonably affordable rates available to health care providers, and making affordable health care more accessible and available to the public." *Rose,* 801

S.W.2d at 846; *see* TEX.REV.CIV.STAT.ANN. art. 4590i, § 1.02 (Vernon Pamph.1995).

The Medical Liability and Insurance Improvement Act statute of limitation provision is the only current provision that imposes such a strict requirement on minors seeking to bring suit. Section 10.01 has been held unconstitutional as it applies to common-law causes of actions. *See Sax,* 648 S.W.2d at 666; *Weiner v. Wasson,* 900 S.W.2d 316 (Tex. 1995) (minor who sustained injuries from surgery when he was fifteen was allowed to sue four years after surgery was performed). Yet, the Texas Supreme Court has refused to extend this rationale to statutorily created causes of action. *See Rose,* 801 S.W.2d at 846 (Court determined that Article 4590i did not violate Equal Protection Clause of the Texas Constitution). We agree with our sister court in the Fourteenth District when it stated:

> If minors are to be given full protection as to the time they are allowed to bring suit for their personal injuries, appellants who have lost a parent due to the same type of negligence should be even equally, if not more, deserving of legal protection.

*Hogan v. Hallman,* 889 S.W.2d 332, 339 (Tex.App.—Houston [14th Dist.] 1994, writ denied). We are unable to discern why there is such a narrow exception to the general provision that a minor child has until two years after their eighteenth birthday to bring suit. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.001 (Vernon 1986). We urge the Supreme Court to revisit whether the statute of limitation provision of the Medical Liability and Insurance Improvement Act, as it applies to minor claimants, violates the Equal Protection Clause of the Texas Constitution. However, we are bound by the dictates of the Texas Supreme Court's decisions in *Rose* and *Sax.* As a result, Appellants' second point of error is overruled.

The judgment of the trial court is affirmed.