Affirmed and Memorandum Opinion filed January 22, 2008








Affirmed and Memorandum Opinion filed January 22, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00001-CV

____________

 

MIRNA ACOSTA, INDIVIDUALLY AND AS
NEXT FRIEND, NATURAL PARENT, AND LEGAL GUARDIAN OF DENIS ACOSTA, Appellant

 

V.

 

MEMORIAL HERMANN HOSPITAL SYSTEM,
MEMORIAL HERMANN HOSPITAL SYSTEM D/B/A MEMORIAL HERMANN SOUTHWEST HOSPITAL AND
GREATER HOUSTON ANESTHESIOLOGY, P.A., Appellees

 



 

On Appeal from the 152nd
District Court

Harris County, Texas

Trial Court Cause No. 2003-29841A

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Mirna Acosta, Individually and as Next Friend,
Natural Parent, and Legal Guardian of Denis Acosta, filed suit against
appellees, Memorial Hermann Hospital System, Memorial Hermann Hospital System
D/B/A Memorial Hermann Southwest Hospital (collectively AMemorial Southwest@), and Greater
Houston Anestheiology, P.A. (AGHA@) asserting
various health care liability claims.  Arguing all of appellant=s individual
claims were barred by limitations, appellees separately filed motions for
summary judgment, which the trial court granted.  We affirm.

Factual and Procedural Background

On February 13, 1996 appellant arrived at Memorial
Southwest already in active labor.  At the time appellant was admitted to the
hospital, she was eight centimeters dilated.  Soon thereafter, appellant=s attending
physician ordered that appellant receive epidural anesthesia.  A short time
later, a Memorial Southwest nurse deleted the attending physician=s order for
epidural anesthesia from the computer. Appellant was then prepped for and
ultimately completed her labor and delivery without epidural anesthesia.

Appellant=s labor and delivery were difficult. 
Appellant experienced a great deal of  pain making her uncooperative and unable
to participate in the efforts to vaginally deliver the baby.  During the
efforts to vaginally deliver appellant=s baby, he
experienced a drop in his heart rate. Following four unsuccessful efforts to
deliver the baby by vacuum extraction, the physicians proceeded with a cesarian
section.  Nine months after his birth, appellant=s son was
diagnosed with cerebral palsy.








On May 29, 2003, appellant filed a health care liability
claim on behalf of her son against Memorial Southwest and her treating
physicians to recover for the neurological injuries he allegedly sustained at
birth.  At the time the suit was originally filed, appellant made no claims in
her individual capacity.  During discovery, a labor and delivery nurse at
Memorial Southwest testified during her deposition that appellant was likely
denied epidural anesthesia based on her economic status.  In response to that
testimony, in May 2005, appellant amended her pleadings to add individual
health care liability claims and claims for patient=s rights
violations under section 321.003 of the Texas Health and Safety Code against
Memorial Southwest.  In June 2005 appellant filed a separate lawsuit against
GHA, which was eventually consolidated with her original lawsuit.  Appellees
moved for summary judgment on appellant=s individual
claims, arguing, among other things, that appellant=s claims were
barred by limitations.  The trial court granted appellees= motions.  The
trial court then severed appellant=s individual
causes of action making the summary judgments final and appealable.  This
appeal followed.

Discussion

Appellant raises nine issues on appeal challenging the
trial court=s granting of appellees= motions for
summary judgment.  However, as we determine the limitations issue is
dispositive, we need not address appellant=s remaining issues
challenging the other grounds for summary judgment raised by Memorial
Southwest.

A.      The
Standard of Review

The movant for summary judgment has the burden to show
there is no genuine issue of material fact and is entitled to judgment as a
matter of law.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.
1985).  A defendant moving for summary judgment on a statute of limitations
affirmative defense must prove conclusively that defense=s elements.  Shah
v. Moss, 67 S.W.3d 836, 842 (Tex. 2001).  If the movant establishes that
the statute of limitations bars the action, the nonmovant must then adduce
summary judgment proof raising a fact issue in avoidance of the statute of
limitations.  Diversicare General Partners, Inc. v. Rubio, 185 S.W.3d
842, 846 (Tex. 2005).  In determining whether there is a genuine fact issue
precluding summary judgment, evidence favorable to the non-movant is taken as
true and the reviewing court makes all reasonable inferences and resolves all
doubts in the non-movant=s favor.  Nixon, 690 S.W.2d at 548B549.  If there is
no genuine issue of material fact, summary judgment should issue as a matter of
law.  Hasse v. Glazner, 62 S.W.3d 795, 797 (Tex. 2001).  We review a
trial court=s summary judgment de novo. Valence Operating Co.
v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).

 








B.      Which Law
Governs Appellant=s Individual Health Care Liability
Claims?

In her fourth issue on appeal, appellant contends her
individual claims are governed by the now repealed Article 4590i rather than
Chapter 74 of the Civil Practice and Remedies Code as urged by appellees.  We
agree with appellant.

In 2003, the Texas Legislature amended and re-codified the
statutory provisions contained in Article 4590i into Chapter 74 of the Civil
Practice and Remedies Code.  As part of this process, the Texas Legislature
specifically addressed the issue of when Chapter 74 would take effect:

Except as otherwise provided in this section or by a specific provision
in an article, this Act applies only to an action filed on or after [September
1, 2003,] the effective date of  this Act.  An action filed before the
effective date of this Act, including an action filed before that date in which
a party is joined or designated after that date, is governed by the law in
effect for that purpose.

 

Act of
September 1, 2003, 78th Leg., ch. 204, 2003 Tex. Sess. Law Serv., ' 23.02(d) (Vernon)
(codified in Tex. Civ. Prac. & Rem. Code Ann. ' 74.001 (Vernon
2005)).

In this case, appellant originally filed suit against
Memorial Southwest and other defendants on May 29, 2003, well before the
effective date of Chapter 74.  She amended her petition to add her individual
claims on March 8, 2005.  On June 19, 2005, appellant filed a separate lawsuit
against GHA.  GHA moved to consolidate the two cases and the 2005 lawsuit was
consolidated into appellant=s original lawsuit.  Based on the plain
language of the enabling provision of Chapter 74, former Article 4590i, not
Chapter 74, controls this case, including the case against GHA.[1]








C.      Does the
Article 4590i Statute of Limitations Violate the Open Courts Provision of the
Texas Constitution?

In her first issue, appellant contends her individual
claims are not barred by the two-year statute of limitations contained in
section 10.01 of Article 4590i because that provision violates the open courts
provision in the Texas Constitution.  Act of May 30, 1977, 65th
Leg., R.S., ch. 817, ' 1, sec. 10.01, 1977 Tex. Gen. Laws 2039,
2052, repealed by Act of June 2, 2003, 78th Leg.,
R.S., ch. 204, ' 10.09, 2003 Tex. Gen. Laws 847, 884.  We
disagree.

To avoid limitations under section 10.01 of Article 4590i,
an injured party must file a medical malpractice claim within two years from
one of the following events: (1) the date the breach or tort occurred; (2) the
date the treatment that is the subject of the claim is completed; or (3) the
date the hospitalization for which the claim is made is completed.  West v.
Moore, 116 S.W.3d 101, 105B06 (Tex. App.CHouston [14th
Dist.] 2002, no pet.) (citing former Tex. Rev. Civ. Stat. Ann. Art. 4590i, ' 10.01 (Vernon
Supp. 2003)).  A plaintiff may not choose among alternative limitation periods
in bringing her claim.  Id. at 106.  When the date of the alleged tort
or breach is ascertainable, limitations begin to run from that date.  Shah,
67 S.W.3d at 843.








The Texas Constitution guarantees that persons bringing
common-law claims will not unreasonably or arbitrarily be denied access to the
courts.  Id. at 841 (citing Tex. Const. art. 1, ' 13).  A statute
that unreasonably or arbitrarily abridges a person=s right to obtain
redress for injuries another person=s harmful act
causes is an unconstitutional due course of law violation.  Id. at 842. 
Consequently, the Texas Constitution=s open courts
provision protects a person from legislative acts that cut off a person=s right to sue
before there is a reasonable opportunity to discover the wrong and bring suit. 
Id.  The legislature cannot abrogate the right to bring a
well-established common-law claim without showing that the statute=s objectives and
purposes outweigh denying the constitutionally guaranteed right of redress.  Id. 
The open courts doctrine is premised on the rationale that the legislature has
no power to make a remedy by due course of law contingent upon an impossible
condition.  Diaz v. Westphal, 941 S.W.2d 96, 100 (Tex. 1997).

To establish an open courts violation in an Article 4590i
case, a litigant must first show a cognizable, common-law claim that Article
4590i=s limitations
provision restricts.  Shah, 67 S.W.3d at 842.  Then the litigant must
show the restriction is unreasonable or arbitrary when balanced against the
statute=s purpose and
basis.  Id.  The limitations provision in Article 4590i, section 10.01,
does not violate the open courts guarantee if the plaintiff had a reasonable
opportunity to discover the alleged wrong and bring suit within the limitations
period.  Id.  The open courts doctrine has no effect on the limitations
period when the plaintiff discovers his injury while there is still a
reasonable time to sue.  Hogan v. Hallman, 889 S.W.2d 332, 337 (Tex.
App.CHouston [14th
Dist.] 1994, writ denied).  Under the open courts doctrine, courts must
determine what constitutes a reasonable time for a claimant to discover her
injuries and file suit.  Yancy v. United Surgical Partners Int=l, Inc., 236 S.W.3d 778,
784 (Tex. 2007). 








Here, appellant contends the wrong she experienced and for
which she brought suit, was the discriminatory denial of epidural anesthesia on
February 13, 1996.  Because there is no doubt as to when the alleged tort
occurred, limitations are measured from that date.  Id. at 843.  Because
the alleged tort date is ascertainable, and because appellant did not file suit
within two years of that date, to avoid summary judgment on limitations,
appellant had the burden to produce summary judgment evidence sufficient to
raise a fact issue concerning the applicability of the open courts doctrine.  Earle
v. Ratliff, 998 S.W.2d 882, 889 (Tex. 1999). Appellant argues her summary
judgment evidence establishes that she did not have a reasonable opportunity to
discover the allegedly discriminatory motive behind her failure to receive
epidural anesthesia on February 13, 1996 thus invoking the open courts
doctrine.  We disagree that appellant had to discover the allegedly
discriminatory motive behind her failure to receive epidural anesthesia for the
limitations period to begin running on her claims.  Cases adjudicating Title
VII discrimination claims are instructive.  Under Title VII, the claimant=s knowledge of a
discriminatory act, not the claimant=s knowledge that
the act had a discriminatory motive, triggers limitations.  See, e.g.,
Pacheco v. Rice, 966 F.2d 904, 906 (5th Cir. 1992) (holding that
Title VII requires notice of a claim be filed within thirty days of a
discriminatory event or action, not when a claimant apprehends that the event
was motivated by a discriminatory purpose); Merrill v. Southern Methodist
University, 806 F.2d 600, 605 (5th Cir. 1986) (holding that the
focus of when a Title VII claim accrues is not on the date the victim first
perceives a discriminatory motive caused an act, but the date of the act
itself).  In this case, the evidence is undisputed that appellant experienced
such a painful labor and delivery that she was uncooperative and unable to
meaningfully participate in the effort to vaginally deliver her son.  It is
also undisputed that while appellant was unaware of the existence of epidural anesthesia
at the time of her delivery of her son, she learned about epidural anesthesia
and its use to reduce the pain of childbirth within six months of her son=s birth.  Finally,
it was undisputed that appellant=s son was
diagnosed with cerebral palsy, allegedly a result of his difficult birth,
within nine months of his birth.  Because the focus is on the allegedly
wrongful act and not the discriminatory motive, this undisputed summary
judgment evidence establishes that appellant had sufficient information within
nine months of her son=s birth to investigate and discover the
allegedly wrongful denial of epidural anesthesia and bring suit within the
limitations period.  This constitutes a reasonable time as a matter of law and
the open courts doctrine does not apply.  Accordingly, the trial court did not
err when it granted appellees= motions for summary judgment on appellant=s Article 4590i
causes of action.  Hogan, 889 S.W.2d at 337.  We overrule appellant=s first issue.








D.      Does the
Doctrine of Fraudulent Concealment Toll the Article 4590i Statute of
Limitations?

In her second issue on appeal, appellant asserts that her
individual article 4590i claims are not time barred because the doctrine of
fraudulent concealment tolled the running of the statute of limitations until
she discovered the fraud or could have discovered the fraud by the exercise of
reasonable diligence.  Once again, we disagree.

Fraudulent concealment is based upon the doctrine of
equitable estoppel.  Borderlon v. Peck, 661 S.W.2d 907, 908 (Tex. 1983). 
Where a defendant is under a duty to make disclosure but fraudulently conceals
the existence of a cause of action from the party to whom it belongs, the
defendant is estopped from relying on the defense of limitations until the
party learns of the right of action or should have learned thereof through the
exercise of reasonable diligence.  Id.  The estoppel effect of
fraudulent concealment ends when a party learns of facts, conditions, or
circumstances which would cause a reasonably prudent person to make inquiry,
which, if pursued, would lead to discovery of the concealed cause of action.  Id.
at 909.  Knowledge of such facts is in law, the equivalent to knowledge of the
cause of action.  Id.








Assuming without deciding that appellees had a duty of
disclosure to appellant, the fraudulent concealment doctrine does not save
appellant=s individual article 4590i causes of action.  As
discussed above, the evidence is undisputed that (1) appellant experienced such
a painful labor and delivery that she was uncooperative and unable to
meaningfully participate in the effort to vaginally deliver her son; (2)
appellant learned of the existence of epidural anesthesia within six months of
her son=s birth; and (3)
appellant=s son was diagnosed with cerebral palsy within nine
months of his birth.  Knowledge of these facts would cause a reasonable person
to inquire and discover any potential causes of action against appellees even
if the claim were somehow concealed.  Because appellant waited nine years after
she learned of the above facts before filing suit against appellees, her
fraudulent concealment defense fails as a matter of law and her individual
article 4590i claims are barred by limitations.  We overrule appellant=s second issue on
appeal.

E.      Does
Limitations Bar Appellant=s Individual
Patient=s Bill of Rights Claim?

In her third issue, appellant contends the discovery rule
provision found in section 321.003 of the Health and Safety Code tolled the
running of limitations until she discovered the discriminatory motive behind
the fact she did not receive epidural anesthesia on February 13, 1996.  Once
again, we disagree.

Assuming without deciding that Health and Safety Code
section 321.003 creates a cause of action for a non-mental health patient at a
hospital such as Memorial Southwest and that said cause of action is governed
by a statute of limitations separate and distinct from appellant=s article 4590i
health care liability claims, limitations still bars appellant=s claim.  Section
321.003(f) requires that a plaintiff file suit not later than the second
anniversary of the date on which the person=s injury is
discovered.  Tex. Health & Safety Code Ann. ' 321.003(f)
(Vernon 2001).  The discovery rule suspends the accrual of a cause of action,
and thus the running of limitations, only until a plaintiff knew or in the
exercise of reasonable diligence should have known of the wrongful act and
resulting injury.  Diaz, 941 S.W.2d at 99.








As pointed out above, the evidence is undisputed that (1)
on February 13, 1996, appellant experienced such a painful labor and delivery
that she was uncooperative and unable to meaningfully participate in the effort
to vaginally deliver her son; (2) appellant learned of the existence of
epidural anesthesia within six months of her son=s birth; and (3)
appellant=s son was diagnosed with cerebral palsy within nine
months of his birth.  Knowledge of these facts would cause a reasonable person
to inquire and discover any potential causes of action against appellees thus
triggering the running of the statute of limitations.  Regardless of whether
appellant=s individual causes of action accrued on February 13,
1996, August 13, 1996, or November 13, 1996, because appellant waited nine
years after the birth of her son to file her lawsuit asserting her individual
claims suit against appellees, those claims are barred by limitations.

As we have overruled appellant=s issues
challenging the trial court=s summary judgment based on limitations,
we need not address appellant=s remaining issues challenging the other
grounds for summary judgment asserted by Memorial Southwest.  Tex. R. App. P. 47.1.

Conclusion

Having overruled all of appellant=s issues on appeal necessary for a
final disposition of the appeal, we affirm the trial court=s summary judgments.

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed January 22, 2008.

Panel consists of
Chief Justice Hedges and Justices Anderson and Guzman.   









[1]  Ultimately, the decision as to which law governs is a distinction
without a difference as both the old and the new statutes impose an absolute
two-year statute of limitations.  Compare Tex. Civ. Prac. & Rem.
Code Ann. ' 74.251(a) (Vernon 2005) (ANotwithstanding any other law . . .
, no health care liability claim may be commenced unless the action is filed
within two years from the occurrence of the breach or tort or from the date the
medical or health care treatment that is the subject of the claim or the
hospitalization for which the claim is made is completed . . . .@) with Act of May 30, 1977,
65th Leg., R.S., ch. 817, ' 1, sec. 10.01, 1977 Tex. Gen. Laws 2039, 2052, repealed
by Act of June 2, 2003, 78th Leg., R.S., ch. 204, ' 10.09, 2003 Tex. Gen. Laws 847,
884 (ANotwithstanding any other law, no
health care liability claim may be commenced unless the action is filed within
two years from the occurrence of the breach or tort or from the date the
medical or health care treatment that is the subject of the claim or the
hospitalization for which the claim is made is completed . . . .@).